UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) ) ) ) ) | C/A No. 9:26-cv-00994-BHH-MHC |
| Debtors, | | **REPORT AND RECOMMENDATION** |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, | ) ) ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) ) | |
| Kevin Campbell, Esq.; Michael H. Conrady, Esq., | ) ) ) ) | |
| Appellees. | ) ) | |

This is a pro se appeal from the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court) filed by Appellants Jacqueline Elizabeth Ard (Ard) and Terry Frank Nicola (Nicola). The docket number for the Bankruptcy Court action is Case No. 25-01384-JD. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. This Court generally has appellate jurisdiction to hear appeals pursuant to 28 U.S.C. § 158(a).

## I.     BACKGROUND

On March 9, 2026, a Notice of Appeal from the Bankruptcy Court was filed. ECF No. 1.[1] Review of the Bankruptcy Court's docket indicates that a letter was sent to Ard and Nicola on

---

[1] In this Order, entries on the docket for this case are referred to as "ECF No. __" and entries on the docket for the Bankruptcy Court case are referred to as "Doc. No.__."

March 9, 2026, notifying Ard and Nicola that the Notice of Appeal was not accompanied by the filing fee of $298.00 required by 28 U.S.C. § 1930. The Bankruptcy Court directed that the total filing fee be submitted on or before March 19, 2026. Doc. No. 279.

On March 26, 2026, an Order was issued directing Appellant Nicola to submit the filing fee, a designation of items to be included in the record on appeal, and a statement of issues to the Clerk of Court for the Bankruptcy Court by April 16, 2026. Appellants were given notice of violations of Rules 8003 and 8009 of the Federal Rules of Bankruptcy (for failure to pay the filing fee, designate items for the record, and provide a statement of issues) and specifically warned that this appeal might be dismissed with prejudice if Appellants failed to comply with the Order by April 16, 2026. ECF No. 3. On April 21, 2026, a transmittal of the record on appeal was filed indicating that no items had been received by the Bankruptcy Court from either Appellants or Appellees and that the appeal fee had not been paid by Appellants. ECF No. 5. Review of the docket in this case and in the Bankruptcy Court case reveals that the filing fee has not been paid, Appellants have not submitted a designation of items to be included in the record on appeal, and Appellants have not submitted a statement of issues. *See In re Ard*, No. 9:26-cv-00994-BHH-MHC (D.S.C.); *In re Ard*, Bankruptcy Petition No. 25-01384-JD (Bankr. D.S.C.).

## II.     **DISCUSSION**

It is recommended that this action be dismissed for Appellants' violation of the rules of bankruptcy procedure. Rule 8003 of the Federal Rules of Bankruptcy Procedure requires an appellant to pay a prescribed fee. Fed. R. Bankr. P. 8003(a)(3)(C). Additionally, under Rule 8009, an appellant must file with the bankruptcy clerk "a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). "An appellant's failure to take any step other than the timely filing of a notice of an appeal does

not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

It is well established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997). Before a court may dismiss an appeal for violation of a procedural rule, it must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (citation omitted).

Because dismissal is a "harsh sanction which a district court must not impose lightly," *id.*, this Court provided Appellants with notice of the violations of the Federal Rules of Bankruptcy Procedure, and an opportunity to cure the violations prior to dismissal of this Appeal. However, Appellants have not submitted the filing fee for this bankruptcy appeal as required by Rule 8003(a)(3)(C) of the Federal Rules of Bankruptcy Procedure. Nor have Appellants submitted the designation of record and a statement of issues to be presented as required under Rule 8009.

As discussed above, Appellants were informed by the Bankruptcy Court in March 2026 of their failure to pay the appeal fee. In the Order issued by this Court on March 26, 2026, Appellants were directed to pay the filing fee, designate the record, and provide a statement of issues to be presented. Appellants were warned of the consequences of their failure to do so. As discussed above, the docket in this case, the transmittal of the record, and the docket of the Bankruptcy Court case reveal that Appellants have not paid the appeal fee, have not submitted a designation of items to be included in the record on appeal, and have not submitted a statement of issues to be presented.

Considering the first *Serra* factor, the repeated failures of Appellants to comply with the procedural requirements of their appeal and the court order evinces bad faith or negligence on Appellants' part. *See In re Weiss*, 111 F.3d at 1173 ("Bad faith [is] inferable from the overall behavior of the [appellants] throughout the procedure."); *In re Grice*, No. 13-50689, 2015 WL 11112155, at *2 (E.D. Va. Nov. 12, 2015) ("First, the court finds that [the appellant's] continued failure to act, despite the warnings and deadline extensions provided by the court, evidences either bad faith or negligence."), *aff'd*, 654 F. App'x 589 (4th Cir. 2016); *Reid v. Cohen*, No. PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 24, 2020) (finding bad faith where the appellants "have not met multiple procedural deadlines for this appeal, which leads [the district judge] to believe that this appeal is also an effort to delay the inevitable"). This factor weighs in favor of dismissal.

The second factor weighs in favor of dismissal because Appellants have been advised of their duties and warned that noncompliance could result in dismissal of the appeal. As to the third factor of possible prejudicial effect on other parties, Appellants' "failure to prosecute [their] appeal burdens this Court's docket and is prejudicial to the prompt administration of justice." *Strickland-Lucas v. Herr*, 600 F. Supp. 3d 585, 589 (D. Md. 2022). Therefore, the third factor also weighs in favor of dismissal.

Finally, in view of the delay and failure to comply with the Court's Order, the undersigned is aware of no appropriate sanction short of dismissal. Based on the foregoing, the undersigned recommends that Appellants' appeal be dismissed. *See* Fed. R. Bankr. P. 8003*; In re Serra*, 970 F.2d at 1311; *In re Weiss*, 111 F.3d at 1173.

4

### III.     RECOMMENDATION

Accordingly, it is recommended that this bankruptcy appeal be dismissed.

**Appellants' attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

April 22, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).