IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

In re: Jacqueline Elizabeth Ard and          )
Terry Frank Nicola,                          )
                                             )
                Debtors,                     )
_____ )
                                             )
Jacqueline Elizabeth Ard, Terry Frank        )
Nicola,                                      )          Civil Action No. 9:26-cv-994-BHH
                                             )
                Appellant,                   )
                                             )
v.                                           )
                                             )          **ORDER**
Kevin Campbell, Esq.; Michael H.             )
Conrady, Esq.,                               )
                                             )
                Appellees.                   )
_____ )

This matter is before the Court on the *pro se* appeal from the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court") filed by Appellants Jacqueline Elizabeth Ard and Terry Frank Nicola ("Appellants"). In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review, and this Court generally has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).

On March 9, 2026, a Notice of Appeal from the Bankruptcy Court was filed. (ECF No. 1.) A review of the Bankruptcy Court's docket indicates that a letter was sent to Appellants on March 9, 2026, notifying them that the Notice of Appeal was not accompanied by the filing fee of $298.00, as required by 28 U.S.C. § 1930, and the Bankruptcy Court instructed Appellants to submit the filing fee by March 19, 2026. (Bankr. Docket 279.)

On March 26, 2026, an Order was issued in this case, requiring Appellants to submit the filing fee, a designation of items to be included in the record on appeal, and a statement of issues to the Clerk of Court for the Bankruptcy Court by April 16, 2026, and Appellants were warned that the appeal might be dismissed with prejudice if they failed to comply with the Order by April 16, 2026.  (ECF No. 3.)

On April 21, 2026, a transmittal of the record on appeal was filed, indicating that no items had been received by the Bankruptcy Court for either Appellants or Appellees and that the filing fee had not been paid.  (ECF No. 5.)  The filing fee still has not been paid; Appellants have not submitted a designation of items to be included in the record on appeal; and Appellants have not submitted a statement of issues.  *See In re Ard*, 9:26-cv-994-BHH-MHC (D.S.C.); *In re Ard*, Bankruptcy Petition No. 25-01384-JD (Bankr. D.S.C.).

Therefore, on April 22, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this bankruptcy appeal.  (ECF No. 6.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific

objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 6), and the Court dismisses this bankruptcy appeal for the reasons set forth by the Magistrate Judge**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 28, 2026
Charleston, South Carolina